Madam Clerk, please call the case. 3-16-0155 consolidated with 3-16-0146 equals the State of Illinois Catholic Church of Mauritius v. Robert Hudson upheld by Sarah Baker. Please proceed. May it please the Court, Counsel. My name is Sarah Baker, and I represent the appellant, Mr. Robert Hudson. We are here today appealing the Circuit Court's failure to provide a remedy for the violation of Mr. Hudson's Sixth Amendment rights. In 2014, the Federal District Court granted a conditional writ of habeas corpus after finding that Mr. Hudson had been denied his Sixth Amendment right to effective assistance of counsel during plea negotiations, a failure that resulted in a life sentence for Mr. Hudson. As a remedy for that violation, the Federal District Court ordered the State to re-offer the initial plea to 20 years to a lesser charge. Once Mr. Hudson accepted that offer, it would be presented to the Circuit Court. Yet, over a year later, the Circuit Court outright rejected that plea agreement, leaving Mr. Hudson's conviction and sentence undisturbed and failing to provide any remedy for the constitutional violation. Who did the Federal Court order to do what? The Federal Court ordered the State to re-offer. The State? Yes. Executive branch of government, right? Correct. The State's attorney. Correct. It ordered the State to re-offer the plea. To re-offer the plea. Correct. And then they said? The State re-offered the plea. No, what did they order? They ordered them to re-offer the plea, and they said something else, didn't they? And then it quoted a line from the United States Supreme Court case, Lafler v. Cooper, that the State court could then exercise its discretion. Okay. So they can't order a State court. So they said present it to the court, and so what is the court? Correct. The Federal District Court ordered the State to re-offer the plea agreement to be presented to the court. But the circuit court is bound by the Illinois Supreme Court case, People v. Curry, and the United States Supreme Court case, Lafler v. Cooper. In People v. Curry, 20 years ago, the Illinois Supreme Court first recognized the right to effective assistance of counsel during plea negotiations. In Curry, the court held that the remedy for a violation of that right must be In Curry, the court remanded Mr. Curry's case for a new trial, which included the resumption of the plea bargaining process. In doing so, the Illinois Supreme Court recognized that ordering a new trial properly puts the parties in the positions that they occupied prior to the constitutional violation. Fifteen years after Curry, the United States Supreme Court likewise recognized the right to effective assistance of counsel during plea negotiations in Lafler v. Cooper. Like in Curry, in Lafler, the United States Supreme Court explained that the sentencing court must craft a remedy that's tailored to the injury and must neutralize the taint of the Sixth Amendment violation. Lafler expressly declined to define the boundaries of proper discretion and expressly stated that that would be left to State and Federal courts to craft over time. But here, in Illinois, the United States Supreme Court already addressed the In Curry, the Illinois Supreme Court, as I stated, held that when it comes to remedy for ineffective assistance of counsel during plea negotiations in cases like Mr. Hudson's, the proper remedy is vacating the conviction and ordering a new trial, which may include the resumption of plea negotiations. That places the parties in the position prior to the violation. Here, the circuit court was required to follow Curry and Lafler to implement a remedy that neutralized the taint of the Sixth Amendment violation. The offer that the State presented to the court included the vacation of Mr. Hudson's conviction and sentence that the State would then file an information to a lesser charge and an agreement between the parties to a sentence of 20 years with day-for-day sentencing credit. Pursuant to Curry, the circuit court was required to vacate Mr. Hudson's conviction and sentence, and if it was not going to accept the offer of 20 years, it should have ordered a new trial, which includes the resumption of plea negotiations. If Mr. Hudson had had effective assistance of counsel all those years ago, given what we know about negotiations between the parties, he would have accepted a plea to 20 years at a maximum and would have been released by January 2015. He's 59 years old and has been in prison for 13 years for this offense. Mr. Hudson is in prison today because of his ineffective assistance of counsel. The trial court indicated that she wouldn't have accepted that offer even at the pre-trial. She said something about 44 years. So there's no indication that she would have accepted the first 20 years. That was what Mr. Hudson's counsel advised him was the most likely result if he went to trial, that he would most likely face a sentence of 44 years. The circuit court advised Mr. Hudson at that Rule 402 conference that based on what they knew of his criminal history at the time, that he would be facing a sentence of six to 60 years if he went to trial. But his counsel advised him that the most likely sentence was 44 years with day-for-day sentencing credit. Here, the circuit court misunderstood its role. The reason that Mr. Hudson was back before the circuit court was for the implementation of a remedy for a constitutional violation. But the circuit court outright rejected that plea based on consideration of improper factors. Now, you're not denying that you have the discretion to reject the plea? While the circuit court has discretion to reject or accept pleas to a certain amount of time, the circuit court has no discretion to fail to provide any remedy for a constitutional violation. That's the issue that is before this court, is whether or not the circuit court provided any remedy for a constitutional violation. Because the circuit court did not follow the Illinois Supreme Court's direction in Curry in vacating Mr. Hudson's conviction and sentence and ordering the parties to either face a new trial or resume plea bargaining, but rather just rejected the plea outright and left Mr. Hudson's conviction and sentence undisturbed, the circuit court failed to provide any remedy for the constitutional violation. And it did so. Is he remedy-less at this point? He is in prison pursuant to an unconstitutional conviction and has not received a remedy. That is why we're here before this court. But he could go into the federal courts, couldn't he, or could he not? The federal district court ordered that this court is the proper court to first determine whether or not the circuit court remedied the constitutional violation. So if we screw up, then they can go back to the feds? Then we would go back to federal court filing a new federal habeas petition seeking a remedy. So the available remedies are what? The available remedies are that this court reverse the circuit court, order vacation of Mr. Hudson's conviction and sentence, and either direct the circuit court to accept a plea of 20 years or to order a new trial, which may include the resumption of plea bargaining between the parties. So those are the available remedies? Correct. Either accept the plea offer that was originally given, which was 20 years. 20 years. Or, pursuant to Curry, order a new trial. That is what puts the parties back in the position prior to the constitutional violation. That is the mandate that comes from the Illinois Supreme Court's decision in Curry and the United States Supreme Court's decision in Lafleur. While they left the contours of the remedies to future courts, Lafleur leaving it to Curry, they required that to implement a remedy for a constitutional violation, you have to put the parties back in the position that they occupied prior to that violation. In cases like this, for ineffective assistance of counsel at plea bargaining, that is going back to the initial plea. That is why the federal district court here ordered as a baseline to start the In the event that the trial court, once again, did not accept the plea and then the remand would occur for the new trial and negotiations would ensue. If negotiations failed and there is a trial and Mr. Hudson is found guilty, would the imposition of this sentence that he has now still be available? That would be under state law. Because the charge, the new charge, the new information that the state is bringing is to a lesser charge, it is to attempt armed robbery, it is not a class X, it is a class 1, he would not be facing mandatory life. Okay, thank you. Sure. The new charge? The new charge is to a class 1 felony rather than a class X felony. That was part of the remedy ordered by the federal district court. On the basis of what? Because to put Mr. Hudson back in the position prior to the ineffective assistance of counsel, because he did not accept that initial plea to 20 years, then at the time of trial after he was convicted, he faced mandatory life. That was what the ineffective assistance of counsel issue was, was that his counsel was unaware, based on his criminal history, that if he was convicted, he faced mandatory life. Is that still the case today? Someone similarly charged today in the state of Illinois? Similarly charged today? No, because that statute has since been repealed. That's very important in the explanation, isn't it? Yes, that has since been repealed. As I understood, the federal court order says the state must re-offer the 20-year deal and that offer must be to a charge that would not trigger mandatory life in prison, which is the class 1. But then it says after that, assuming Hudson accepts the offer, the trial court can then exercise its discretion in determining whether to vacate the convictions and resentence Hudson pursuant to that agreement, to vacate only some of the convictions and resentence him accordingly, or leave the convictions and sentence for trial and stir, which means then he would be entitled to this trial. But would they be restricted then to the class 1? They being whom? The state then. I mean, if the offer has to be made to something that doesn't trigger life, if all of that falls to the wayside and a new trial occurs, then is that the charge or is it the original charge? No, pursuant to the federal court's order, the charge is to the class 1, not the class X. How do you get 20 on a class 1? The range is 3 to 30 years. It's an extended term because 20 falls within the range. Oh, okay. So it's an extended term, class 1. Correct. And that would be with day-for-day sentencing. So if you were convicted and went to trial, if the court did not accept the plea negotiation in 20 and went to trial, the maximum sentence for defendant would be? 30 years. 30 years. Okay. And is it automatic day-for-day or is it 55? I'm not aware of the specifics, Your Honor. But if the court would like to know, I can provide supplemental briefing on that issue. Well, we're just kind of curious as to the facts of what would be likely to be the case upon conviction. Additional, not only was the circuit court bound to comply with People v. Curry and vacate Mr. Hudson's conviction, but the reason that the circuit court rejected the plea agreement was based on its consideration of improper factors, namely the circuit court's disagreement with the federal district court's finding of ineffective assistance of counsel. The circuit court didn't like the federal court? It disagreed openly with the finding of ineffective assistance of counsel. It stated repeatedly that the only person who did anything wrong here was Mr. Hudson. It required, before it would consider the agreement between the parties, it required Mr. Hudson to complete an affidavit admitting guilt. This was not an admission of guilt to the underlying offense for which he would be pleading guilty, but an admission of guilt that any ineffective assistance of counsel was his fault, that he was the only person who had done anything wrong here. And then at the end of the hearing, after the circuit court rejected the plea agreement, Mr. Hudson's counsel confirmed with the circuit court that the basis of its rejection was its disagreement with the ineffective assistance of counsel finding. And the circuit court affirmed that it had already made that finding years ago, that it thought the federal court's record was deficient, and that nothing in the appellate record had changed that court's opinion of ineffective assistance of counsel. The entire reason that Mr. Hudson was back before the circuit court was for the implementation of a remedy for a constitutional violation. That the circuit court rejected any, rejected the plea agreement, evidences that, excuse me, rejected the plea agreement based on disagreement that there even was a constitutional violation to begin with, evidences that it did not remedy that constitutional violation. Was the separation of powers in the power of the federal court pointed out to the circuit court? It was repeatedly, Your Honor. But part of the problem, the circuit court, Rejected by the circuit court. Yes, Your Honor. Again, which the federal district court recognized is an improper basis for the circuit court to reject the plea agreement based on its disagreement with Lafler, which is binding United States Supreme Court precedent, and its disagreement with the federal district court. I would also like to bring up the standard of review here. The standard of review is de novo. Because the issue presented in this appeal is whether or not the circuit court remedied a constitutional violation. That is a question of law that is subject to de novo review. If there has not been a remedy for a constitutional violation, then Mr. Hudson is imprisoned pursuant to an unconstitutional judgment. If that is so, that is a question of law, again, subject to de novo review. And whether or not the circuit court complied with binding Illinois Supreme Court precedent in People v. Curry, and binding United States Supreme Court precedent in Lafler v. Cooper, is a question of law, subject to de novo review. Thank you. Thank you, Counsel. Counsel. May I please have the court? Counsel. With all due respect, I believe that counsel for the defense misapprehends the position of the circuit court, and also the holding in Lafler. So I'll just begin with Lafler. There are three remedies that Lafler provides when there has been ineffective assistance of counsel at the pre-negotiation stage. The first is to vacate the convictions and resentence according to the plea agreement. The second is to vacate some of the convictions and resentence accordingly. That one does not apply in this case because there is only one conviction here. And the third is to leave the convictions and the sentence undisturbed. The circuit court did exactly that. The circuit court provided a remedy that is provided for, that is afforded by the United States Supreme Court decision in Lafler. The circuit court reviewed the circumstances of the case, put herself back to where she would have been if the plea negotiation had come to her for the first time, considered all of the factors that were critical to that decision at the time, including, if I might, just bear with me, she considered every affidavit that was filed, every pleading, the records from probation, the records of the court proceedings from the clerk's office, meaning the trial that had happened before, the facts of the armed robbery that is at issue here. The defendant mailed the gun, terrorized three people, tied them up with duct tape, led the police in a high-speed chase, only ended the chase when his car spun out against the fence, and as he got out of the car, the cash from the robbery, the cash from the armed robbery falling out of his pockets. The circuit court looked at the defendant's criminal history. Armed robbery times two, murder, burglary, theft, possession of controlled substance. This, in fact, was his seventh felony conviction, his third class act. She looked at his affidavit accepting responsibility for misrepresenting his criminal history. This whole thing started when he misrepresented his criminal history. We are not disputing for a minute the effect of assistance of counsel, simply pointing that out. She looked at the facts of his murder conviction, a murder that he took the lead in and involved his brother, and the motive for the murder was that there had been a criminal damage to property, not even the defendant's property, that the victim of the crime had been in his car, they shot into the car, multiple bullets, two bullets found in the victim's head. The victim never got a shot off. His gun was fully loaded. She noticed that at the time of the murder, the defendant had been out of custody for less than two months, that over the course from 1979 until this armed robbery in 2004, the defendant spent less than five years outside of incarceration. And while outside of incarceration, mighty little time did he spend not trying to harm another person. And she noted that most of the convictions involved the use of deadly weapons. Putting herself back at the time when she would have been reviewing this plea at the get-go, she said, there is no way she would have agreed to a 20-year sentence. There is no way that she would have agreed to a plea to an attempt on robbery when the facts showed an armed robbery, not an attempt on robbery. So she did exactly what the court in Lafleur told her to do, exactly what the court in Curry told her to do. Put herself back. She afforded the defendant the remedy that he sought. Put herself back to the beginning, how she would have looked at the case at the get-go, made a determination, and made a ruling. This was not a 20-year case. This was a natural life case. This was not an attempt on robbery. This was an armed robbery. The defendant received every remedy that he was entitled to. His conviction is entirely constitutional because she gave him the remedy to which he was entitled. Counsel blends remedies when she's discussing, well, if the case went back to, you know, if everything was vacated and the case went back to trial, the defendant would not be charged with attempt on robbery. He committed an armed robbery. The attempt on robbery was only the remedy to be considered if they were going to resume the plea negotiations. If they're going back to trial, they're going back to the real facts, not the facts that are created so that we can afford a remedy to the defendant. As for the trial court's insistence that the trial counsel was effective rather than ineffective, I agree. There is no dispute. The federal district court found that the counsel was ineffective. We make no dispute about that. But I think the trial court's reference to that is a relevant surplus. It has nothing to do with her ruling. Her ruling was careful. It was considered. It was thorough. It was based on the facts, and she would have viewed them at the beginning, the outset of the proceedings. And then finally, as for the standard of review, Lafler, the United States Supreme Court, Peale v. Henderson, Illinois Supreme Court, the federal court here, and Hudson v. Butler, all said the standard of review is discretion, abusive discretion. The circuit court was to exercise her discretion in determining what the sentence would be if she considered the plea, as it should have considered it at the outset before any plea was accepted, which she had accepted a 20-year plea.  For armed robbery and a sentence of natural life. So, as I understand the case, the state's attorney, how long ago was this when this negotiation was held by the state's attorney? Your Honor, I believe it was in 2004. No, 2005. 2005? I believe so. I'm not sure. Same state's attorney as today? Yes. And they reasonably, they wouldn't make the same deal for the defendant. So, this apprehension at the time of trial was that the state, the defense, and the court all believed that the defendant, all misunderstood that the defendant had only three convictions. They were not looking at the oldest convictions of two armed robberies. So, it was an error across the board for which the state has to take responsibility as well. And that error was why? Why did Mr. Glasgow make that error and the court make the error and the defense attorney, public defender, make the error? During the social investigation, the defendant misrepresented his convictions. He admitted only to the last three. The first three were not. Is self-reporting the only record in the state of Ohio as to a defendant? It is not, Your Honor. Is there? They had a laser report. They should have looked at the laser report. They had. Mr. Glasgow had a laser report. Yes, Your Honor. Yes, Your Honor, he did. And had the duty as well as the ineffectiveness. It seems like there's a lot of ineffectiveness going on in this case. The state accepts its responsibility for failing to look at that. Yes, Your Honor. That's why we're here after all this mess. Yes. So a federal court decides that there was a problem, and so in sending it back to the state court to achieve a remedy, and so the remedy is either letting the plea be accepted, if the judge doesn't want to accept the plea, then a trial on this other specified charge. So the judge decides not to do that at all, not to accept the plea and just leave the other charge stand, which wasn't part of the remedy the federal court said when they sent it back, correct? Oh, no, the federal court did lay out all three remedies in its order. The federal court's, the district court's order laid out all the remedies that were in Lafler, one of which is to. And just as you said that the second one didn't apply, isn't it true that the third one doesn't apply either? Because if you reference the paragraph before that, it says, the second form of prejudice arises when resentencing alone will not be full redress for the constitutional injury. If, for example, an offer was for a guilty plea to a count or counsel less serious than the ones for which the defendant was convicted after trial, or, and there's an emphasis in the writing here, or if a mandatory sentence confines a judge's sentencing discretion after trial, a resentencing based on the conviction at trial may not suffice. Here is highlighted by the emphasized text. The problem is that the state sentencing judge indeed would be constrained to impose the mandatory life imprisonment term if the state court simply held a resentencing on the trial convictions. So some other relief is required than just resentencing. That limits, I know they quote the three remedies or options in Lafler, but those are limited by the facts here, are they not? I don't think so. I think that what the court is referring to there, what Lafler and the district court are referring there to is the remedy is that the state's attorney must offer something that will take away the natural, like the mandatory sentence. So that's why the offer had to be to an attempt armed robbery rather than an armed robbery. Okay, so the remedy here is not the ultimate sentence imposed by the court. That is the court's discretion. The remedy here is, as Justice Holdren pointed out, the order was directed to the executive branch, to the state's attorney, you must make an offer that will allow the court to consider a plea where the sentence will not be a natural life. I think that language is limiting the state's attorney to what they can offer or what he can offer. He had to make an offer to something other than armed robbery so that there could be a sentence that would not be a mandatory sentence. So then otherwise it's a sham. Otherwise you go back and say, oh, sure, you know, like reconsider it. It has to be a natural life. This way there was a real possibility to put him back to a 20-year sentence. So that's my memory of that language. But it could be a sham so the judge can just allow the sentence to stand on a statute that no longer exists, right? Well, Your Honor, the defendant would be charged at the time, and the sentencing scheme was what the sentencing scheme was. But that statute no longer exists now. Correct. It does not exist now. So now this judge gets to keep the person under your view. This judge gets to keep the person in prison forever under your view of interpretation of the judgment. Under my interpretation of what the judge did is the judge exercised its discretion, reviewed the case as if it were a new case before it, as if the plea were new before it, and exercised the option that the United States Supreme Court gave it, leave the convictions and sentence undisturbed. 132 Supreme Court at page 1391. The judge's order was to avoid sham by the state's attorney but not avoid sham by the trial judge. No, the order was to put the discretion in the hands of the circuit judge. The order was to put the case back before the state judge in its original form as it would be at the outset. Pretend there had been no trial. Pretend there had been no plea negotiation. This is coming to you new. It's a new plea. But back as it was then. So I think my reading of this is that the limitation here is on the executive branch, is on the state's attorney, to bring in a remedy to the circuit court that would allow the circuit court to vacate that natural life sentence if it chose to. Because if the remedy, if otherwise the state's attorney comes back and says, well, we're going to re-offer a plea on armed robbery, I mean, the options are very limited, you know. I'm not prepared at this point to have a discussion about, you know, what sentencing law applies, that the law that was at the time, the law that's now, probably, you know, whatever's better to the defendant. But the point is that the limitation was on the state's attorney's offer so that the circuit court would have that option. But ultimately it was the circuit court's discretion whether to take that case to charge and give them the 20 years or to stay with what it originally imposed. What's the judge doing when the judge is insisting that the defendant write up a confession to these other things? What's that about? I cannot fully defend the peak of the circuit court. I think what she was doing is she was saying, you know, I think she was, perhaps I should not speculate. Well, basically it's not the legal issue. The legal issue is what are the parameters of this federal district judge's order, right? Thank you. Yes, Your Honor. Exactly. And the federal district court said, state's attorney, make an offer that will not involve natural life. The state's attorney did that. Then the discretion is entirely with the circuit court to decide what to do. The circuit court looked at every factor, re-evaluated the case, and made a conclusion. And what did the circuit court do? It rejected. Yes, it did. And so what's the next step in the process? Here we are, the appeal. Right. Assuming if this court were to affirm, what would be the next step for the state's attorney? The state's attorney would do nothing. We would have a conviction. We would have an affirmation. I suspect the defendant would go back to federal court and file another habeas. So the Seventh Circuit, at the end of their opinion, certain order that the defendant had filed simultaneous appeals, one here and one in the Seventh Circuit, appealing to the Seventh Circuit saying, oh, this should all stay in federal court. And the Seventh Circuit said, no, it properly is in state court, for the state court to review the lower state court's ruling. But it did say, so the remedy or the order from the habeas was completed when the state's attorney made the offer, renewed its offer to a non-natural life sentence. So that was the end of those habeas proceedings. The Seventh Circuit essentially almost invited them to say, well, you can always come back on another habeas at the conclusion of the state court proceedings. So the defendant, I assume, would pursue that remedy. I don't know. Would you be at the Seventh Circuit? I'm sorry? Are you the one going to be in front of the Seventh Circuit? I don't. Usually the attorney general takes them. The conclusion then, we're asking this court to affirm the conviction and the sentence of natural life. Thank you. I have just a few points I'd like to respond to, Your Honors. First, to answer Your Honor's question, the sentence that Mr. Hudson would be facing would be 30 years with day-for-day sentencing credit because this was not a crime of violence where serious injury occurred. Also, I would like to emphasize the reason for the importance of vacating the conviction and putting the defendant on trial. What is he charged with? Attempted armed robbery. Attempted armed robbery. No violence. Correct. The reason that there must be a new trial is so that the parties, including the judge, the circuit court judge, all face the risk of a new trial. Counsel mentioned that the circuit judge has a risk of a new trial? Just the expenditure of resources in the conducting of a trial. I thought you said risk. The risk being just the expenditure of court resources. It's not a risk. Judges don't have risks in every trial. Yes, Your Honor. But as counsel mentioned, the proper perspective for the circuit court judge was for this to be coming to her as a new plea. And it obviously was not because the court rejected this based on decisions and impressions that she had made years ago. So, again, evidence that the court did not consider this as if it was a new plea before her. I'd also like to respond to counsel. So all of this material that was reviewed by this presence, by this circuit judge, didn't happen? I'm sorry, what material, Your Honor? What did you say something about in the past? Oh, just that counsel had mentioned that the proper position was for the circuit court to look at this as if it were a new plea coming to her, as if this were before the trial had happened, before all of the appellate proceedings had happened, as if this was the first time that she looked at it. And the record demonstrates that that is not how the circuit court judge approached this because she based her rejection of the plea on her decisions of counsel. The reason that she disagreed with that was because the circuit court judge had been involved in the prior proceedings and had observed Mr. Hudson and based her decision on her disagreement with the federal court's review of his behavior in the prior proceeding. I'd also like to respond to counsel's remark that Lafler limits the court to three remedies here. Lafler expressly declined to define the boundaries of discretion, and yet the circuit court is bound by finding Illinois Supreme Court President Curry. And Curry outlined the boundaries of discretion here, that being ordering a new trial, which may include the resumption of plea bargaining. The federal district court recognized that there was no hint that the three remedies that the Lafler court proposed, that the discussion was limited to that it would be different between cases of resentencing. And that no other court implementing a Lafler remedy has left the conviction and sentence in place. The courts have either accepted reoffered pleas or have, if they're not willing to accept the reoffered plea, have considered a sentence in between the reoffered plea and the natural life sentence. None have gone back for a new trial. They've all accepted the plea agreement, as far as I'm aware, Your Honor. As for whether or not the remedy you're asking for would be unique. No, it would not, Your Honor, because in those cases had the courts rejected the plea agreement, then it would involve additional negotiation, as it did in the one case where the circuit court did not accept the plea, but instead accepted a plea between the original offer and the original sentence. But clearly it's discretion to reject every one of those. It is. That just does not happen. So in this case, it went back for a new trial. It would be the first time. It would be different than what the other courts have done. That's correct, Your Honor. The federal district court recognized that the remedy in these cases would be unique. And that's why it's important to note that the circuit court has not been able to provide any remedy for ineffective assistance of counsel at plea negotiations. Because Mr. Hudson has not been afforded any remedy for the violation of his constitutional rights, this Court should reverse the circuit court, should vacate Mr. Hudson's conviction and sentence, and should remand with the direction that the circuit court either accept the proposed plea agreement or, pursuant to Curry, order a new trial, which may include the resumption of the plea bargaining process. Thank you, Your Honors. Thank counsel for their arguments. And the Court will take this under advisement. And we will adjourn now to the next month's call. Thank you.